1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| DAVID ALLEN BENSON, | No. 8:25-cv-2179-MRA-BFM |
|---|---|
| Petitioner, | **ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED** |
| v. | |
| TODD SPITZER, | |
| Respondent. | |

This Order concerns a federal habeas petition. Petitioner David Allen Benson invokes 28 U.S.C. § 2254. (ECF 1 ("Petition").) Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court—rules that apply to the Petition in this Court—the Court must review the Petition before ordering a response. If it "plainly appears" from that initial review that Petitioner is not entitled to relief, the Court must dismiss the Petition.[1]

---

[1] Because Petitioner has not yet been convicted, his Petition is appropriately brought under § 2241 instead of § 2254. *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). That difference does not change the outcome or the analysis. First, courts apply Rule 4, where appropriate, to § 2241 habeas petitions. (cont'd . . .)

Here, Petitioner claims that his right to a speedy trial and to the effective assistance of counsel have been violated. (Petition at 5-6.) It appears, however, that the Petition must be dismissed because it asks this Court to interfere in ongoing state criminal proceedings. The docket in Case 21CF1086[2] reflects that Petitioner's case is ongoing in the state court, with a pretrial hearing set for October 17, 2025. *See* Docket, *People v. Benson*, No. 21CF1086 (Cal. Super. Ct.) (last viewed October 3, 2025). In all but the most unusual case, federal courts will not interfere with an ongoing state criminal proceeding. This doctrine, called *Younger* abstention, applies where four criteria are met, *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)—and all four appear to be met here.

First, there must be an ongoing state judicial proceeding. Here, Petitioner's criminal charges have not yet been resolved, and a pretrial hearing is scheduled for October 17, 2025. Based on the docket, the first requirement appears to be met.

Second, the proceedings must implicate important state interests. This criterion is also met in Petitioner's case, because the State of California has an important interest in prosecuting criminal charges. *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021); *see also Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from

---

*See* Rule 1(b), Rules Governing Section 2254 Cases (a district court may "apply any or all of these rules" to any habeas petition); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4). Second, *Younger* abstention, which is the basis of this Order to Show Cause, applies to § 2241 petitions. *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (applying *Younger* to pre-judgment habeas petition under § 2241).

[2] https://visionpublic.occourts.org/. The Court may, and in this case does, take judicial notice of the dockets of other courts. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").

Third, there must be an adequate opportunity in the state proceeding to raise constitutional challenges. California law permits Petitioner to raise both speedy trial and counsel-related issues in criminal proceedings. *Dews v. Superior Ct.*, 223 Cal. App. 4th 660, 664 (2014) (evaluating claimed violation of the federal speedy trial right); *People v. Abilez*, 41 Cal. 4th 472, 490 (2007), as modified (Aug. 22, 2007) (considering whether trial judge's decision not to replace counsel midstream violated defendant's Sixth Amendment right to counsel).

Fourth, the relief requested in federal court would either enjoin or have the practical effect of enjoining—meaning put on hold—the ongoing state proceedings. Petitioner here does not state precisely what relief he may be seeking, but it appears that any relief that would remedy the constitutional violations alleged in the Petition would have the effect of interfering with ongoing state proceedings.

As such, it appears that *Younger* abstention is appropriate here. *See Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) ("[A]bstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution."). Where the criteria for *Younger* abstention are met, and where no "extraordinary circumstance" exist, "a district court must dismiss the federal action." *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988).

Petitioner is therefore **ordered** to show cause (meaning explain in writing) why the Court should not recommend dismissal of the Petition. **No later than November 6, 2025,** Petitioner shall respond, in writing, to this

3

Order. In his response, Petitioner must set forth his arguments, if any, as to why his Petition should not be dismissed for the reasons stated in this Order.

**Petitioner's failure to file a timely response as ordered may result in the Court recommending to the District Judge that this case be dismissed for failure to prosecute and to follow court orders.**

DATED: October 6, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE