**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| DAVID ALLEN BENSON,<br><br>        Petitioner,<br><br>    v.<br><br>TODD SPITZER,<br><br>        Respondent. | No. 8:25-cv-02179-MRA-BFM<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioner's Objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made.

The Report recommends the dismissal of this habeas action without prejudice because abstention is required under *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 5.) Petitioner's objections (ECF No. 7) do not merit any change to the Report's findings or recommendations.

Petitioner objects that abstention is improper because he may bring his Speedy Trial claim in federal court under *Braden v. 30th Judicial Circuit Case of Kentucky*, 410 U.S. 484 (1973). (ECF No. 7 at 1-2.) *Braden* involved a

request for "habeas relief to a petitioner who sought an order requiring the state to initiate trial proceedings in his criminal case." *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012) (citing *Braden*, 410 U.S. at 489-90).  Here, as the Report explained, "Petitioner's case is pending in state court, which provides him a forum to litigate speedy trial and other constitutional claims." (ECF No. 5 at 5.)  Thus, abstention is required.  As the Supreme Court emphasized in *Braden*, "nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493.

Petitioner objects that he is "muted" from raising his lawful rights during his current state criminal proceeding because his right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975), was denied by the state court.  (ECF No. 7 at 2.)  This objection does not permit the premature litigation of Petitioner's claims in federal court.  "A *Faretta* claim . . . does not present an 'extraordinary circumstance' necessitating pretrial habeas consideration.  California courts routinely consider federal constitutional claims arising from an alleged *Faretta* violation as part of the criminal appellate process." *Jackson v. Villanueva*, 2019 WL 2870875, at *4 (C.D. Cal. May 22, 2019) (citation omitted).  Thus, abstention is required because Petitioner has "an adequate opportunity in the state proceeding to raise constitutional challenges," whether the challenge is based on his Speedy Trial rights or his right to self-representation.  (ECF No. 5 at 4.)

Petitioner objects that he is entitled to a jury of his peers or the dismissal of the charges with prejudice.  (ECF No. 7 at 2.)  On the contrary, as the Report found, *Younger* precludes the premature litigation of such claims in federal court.  (ECF No. 5 at 5.)

Petitioner objects that the prosecution against him in state court is the result of bad faith or harassment.  (ECF No. 7 at 2.)  The narrow exception to

*Younger* for bad faith or harassment "applies when the state court action is based on a 'clearly inapplicable' law, for which 'there was never any remote chance' that it could be enforced against the state court defendant." *Yelp Inc. v. Paxton*, 137 F.4th 944, 952 (9th Cir. 2025) (quoting *Netflix, Inc. v. Babin*, 88 F.4th 1080 1095 (5th Cir. 2023)).   The exception "does not come into play simply because the state might have brought a weak case against a defendant." *Gibson v. Schmidt*, 522 F. Supp. 3d 804, 816 (D. Or. 2021). Petitioner's allegation falls short of this standard.  Petitioner's allegation that the state criminal case against him "is weak, meritless, or even unconstitutional . . . is largely to reprise the presumption that if [Petitioner's] defenses have merit, they may be raised and vindicated in state court." *Yelp*, 137 F.4th at 952.

Petitioner objects that he is entitled to a certificate of appealability. (ECF No. 7 at 3.)  The issuance of a certificate of appealability is addressed in a separate order.

The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1.    The Report and Recommendation is accepted.

2.    The Petition is denied.

3.    Judgment shall be entered dismissing this action without prejudice.

4.    The Court Clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: January 30, 2026

_____
HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE